**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JIMMIE WITHERS,**
    **Plaintiff,**

**vs.**                                            **Case No. 3:06cv134/MCR/MD**

**DEPARTMENT OF THE NAVY, et al.,**
    **Defendants.**

---

### REPORT AND RECOMMENDATION

    **Plaintiff, proceeding** *pro se* **and** *in forma pauperis***, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 15). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.**

    **Since plaintiff is proceeding** *in forma pauperis,* **the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under § 1915 "where it lacks an arguable basis either in law or in fact."** *Neitzke v. Williams*, **490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless,"** *Id.* **at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."** *Denton v. Hernandez*, **504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).** *Mitchell v. Farcass*, **112 F.3d 1483, 1485 (11**[th] **Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.** *Davis v. Monroe*

*County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.  *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of plaintiff's second amended complaint, the court concludes that it does not present an actionable claim, and that dismissal of this case is warranted.

Plaintiff names six defendants in this action: the United States; Vincent J. Whibbs, Jr., Attorney at Law; Kim A. Skievaski, Judge of the Escambia County Circuit Court; Congress; House of Representatives; and State of Florida.  Although vague and very difficult to decipher, it appears plaintiff's allegations concern the denial of his claim against the estate of one Hattie Brown.

Claiming violation of the Full Faith and Credit Clause of the Constitution, U.S. CONST. art. IV, § 1,  plaintiff asserts that defendant Whibbs, apparently the attorney for the personal representative of the Hattie Brown estate, misused the legal process by filing an objection to plaintiff's claim prior to plaintiff filing the claim with the probate court.  (Doc. 15, pp. 4, 5, 23).[1]  Claiming violation of the Judicial Powers Clause of the Constitution, U.S. CONST. art. III, § 1, plaintiff asserts that defendant Judge Skievaski, "showed no consideration" to the fact that an objection to plaintiff's claim was filed prior to plaintiff filing the claim with the probate court.  (*Id.*, pp. 24, 26).  Claiming violation of Article Six of the Constitution, plaintiff asserts with respect to defendant United States that he was three years old when his interest in the Hattie Brown estate arose, that all legal matters were taken care of by his parents, and that but for the objection to his claim against the Hattie Brown estate, "everything . . . [would have] proceed[ed] . . . forward."  (*Id.*, pp. 27-28).  Referencing the powers of Congress set forth in Article One of the Constitution, U.S. CONST. art. I, § 8, plaintiff claims defendant Congress "owes a debt to the Hattie Brown estate for the erection of the Naval base on her land which the Navy has." (*Id.*, pp. 29, 33). Claiming that defendant House of Representatives violated Article One of the

---

[1] The referenced page citations refer to the "scanned page number," not the page numbers on the bottom of the page of the amended complaint.

*Case No: 3:06cv134/MCR/MD*

Constitution, plaintiff asserts that revenue is being raised from the land of the Hattie Brown estate which the Navy is "holding," but that none of the revenue is being paid to the estate.  (*Id.*, pp. 34-35).  Lastly, plaintiff claims defendant State of Florida violated Article One's restriction upon the powers of the States when it built a road on land owned by the Hattie Brown estate and failed to pay the estate for its use or "occupation" of the land.  (*Id.*, pp. 36-37).  As relief, plaintiff seeks three trillion dollars against each defendant.  (*Id.*, pp. 23, 26, 28, 33, 35 and 37).

Plaintiff is proceeding under federal question jurisdiction pursuant to § 1983. "Section 1983 creates a private right of action for damages and injunctive relief against individuals and governmental bodies whose conduct under the color of state or local law deprives a plaintiff of rights, privileges, or immunities 'secured by the Constitution or laws.'"  *Arnold v. Bd. of Educ. of Escambia County, Ala.*, 880 F.2d 305, 309 (11th Cir. 1989).  To state a prima facie claim under § 1983, a plaintiff must allege:

> 1.  the conduct complained of was committed by a person acting under color of state law; and
>
> 2.  this conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."  *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met:  (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties

> performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks omitted). In the instant case, liberally construing plaintiff's allegations against defendant Whibbs, they do not remotely suggest that this defendant was acting under color of state law. Therefore, plaintiff's claims against defendant Whibbs should be dismissed.

Plaintiff's claims against Judge Skievaski must also be dismissed. A judge acting in his judicial capacity is absolutely immune from suit. *Dennis v. Sparks*, 449 U.S. 24, 27-29, 101 S.Ct. 183, 186-87, 66 L.Ed.2d 185 (1980); *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859, 55 L.Ed.2d 24 (1978); *see also Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996); *Sum v. Forrester*, 939 F.2d 924 (11th Cir. 1991). This immunity is retained even if the judge conspires with other parties to bring about a deprivation of another's rights. *Sparks*, 449 U.S. at 28-32, 101 S.Ct. at 186-88; *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc). A judge will not be deprived of immunity because the challenged action taken was in error, was done maliciously, or was in excess of the judge's authority; rather, the judge will be subject to liability only when the action was taken in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)); *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996); *Dykes*, 776 F.2d at 945; *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). The absence of jurisdiction does not mean in excess of authority, *Bradley, supra,* rather it indicates that there is no subject matter jurisdiction, or the acts of the judge are purely private and non-judicial. *See Conger,* 86 F.3d at 1084; *Dykes*, 776 F.2d at 948, n. 17; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1980). Viewing the alleged facts in the light most favorable to plaintiff, Judge Skievaski was acting in his judicial capacity in a probate proceeding when the alleged constitutional violation occurred. The precise act complained of, the ruling on plaintiff's claim, is a normal judicial function which occurred in the

Judge's courtroom and was centered around a case then pending before him.  *See Dykes*, 779 F.2d at 945.  The previous decisions of the Supreme Court leave no room for the inference that the liability of this defendant for the actions alleged can be the subject of controversy.  As such, the claims against Judge Skievaski should be dismissed.

Plaintiff's claims against the United States, Congress and the House of Representatives must also be dismissed.  The United States is immune from suit unless there has been an unequivocal waiver of immunity.  *United States v. Nordic Village, Inc.*, 503 U.S. 30, 32, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941).  Waiver of sovereign immunity is a prerequisite to subject matter jurisdiction.  *Sherwood*, 312 U.S. at 586, 61 S.Ct. at 769.  The United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations.  *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982); *Kunkler v. Fort Lauderdale Hous. Auth.*, 764 F.Supp. 171, 176 (S.D. Fla. 1991).  As plaintiff's claims for money damages against the United States, Congress and the House of Representatives are barred by sovereign immunity, they should be dismissed.

Last is plaintiff's claim against the State of Florida.  It is well settled that a plaintiff may not bring a § 1983 action for monetary damages against a State, State agency, or State officials in their official capacities.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989); *Miller v. King*, 384 F.3d 1248, 1259 (11th Cir. 2004).  Furthermore, absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a damages suit brought by a private individual against a State in federal court.  *Federal Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Dep't of Heath and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986).  In light of the foregoing, plaintiff's § 1983 claim for damages against the State of Florida must be dismissed.

**Accordingly, it is respectfully RECOMMENDED:**

**That this cause of action be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B), and the clerk be directed to close the file.**

**At Pensacola, Florida, this 28th day of August, 2006.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**